**EXHIBIT A**

Date of Filing:

                                                                               Plaintiff designates Dutchess County
as the place of trial.

The basis of venue is the Plaintiff's
residence address at 6 Blue Jay Lane,
Hyde Park, NY 12538.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------------------------------X
JOSEPH CHARLES,

                        Plaintiff,                          SUMMONS

    -against-

                                                          Index #.:

LOWE'S OF POUGHKEEPSIE STORE #0541,
LOWE'S HOME CENTERS, LLC, and LOWE'S
HOME CENTERS, INC.,

                        Defendants.
-----------------------------------------------------------------X
To the above-named Defendants:

       YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within -20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                                                          SOBO & SOBO, LLP

                                                          *Juliana O'Grady*
                                                          _____
                                                          JULIANA O'GRADY, ESQ.
                                                          *Attorneys for Plaintiff*
                                                          One Dolson Avenue
                                                          Middletown, New York 10940
                                                          (845) 343-7626

Dated: June 17, 2021
        Middletown, New York

Defendants' addresses: See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------------------X
JOSEPH CHARLES,

                Plaintiff,

-against-

LOWE'S OF POUGHKEEPSIE STORE #0541,
LOWE'S HOME CENTERS, LLC, and LOWE'S
HOME CENTERS, INC.,

                Defendants.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff, JOSEPH CHARLES, by and through his attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

1. That at all times hereinafter mentioned, the Plaintiff, JOSEPH CHARLES, was and still is a resident of the County of DUTCHESS, State of New York.

2. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, was and still is a foreign corporation duly authorized to do business within the State of New York.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, was a still is a business entity doing business within the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, was and still is a domestic limited liability company organized and existing under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, was and still is a foreign limited liability company organized and existing under and by virtue of the Laws of the State of North Carolina.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, was and still is a foreign limited liability company duly authorized to do business within the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, was and still is a business entity doing business within the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., was and still is a foreign corporation organized and existing under and by virtue of the Laws of the State of North Carolina.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., was and still is a business entity doing business within the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, was the owner of a certain premises located at 1941 South Road, Poughkeepsie, County of Dutchess, State of New York, known as "Lowe's."

13. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, maintained the aforesaid premises.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, managed the aforesaid premises.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, controlled the aforesaid premises.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, operated the aforesaid premises.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, was the lessee of the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S OF POUGHKEEPSIE # 0541, was the lessor of the aforesaid premises.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, was the owner of a certain premises located at 1941 South Road, Poughkeepsie, County of Dutchess, State of New York, known as "Lowe's."

20. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, maintained the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, managed the aforesaid premises.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, controlled the aforesaid premises.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, operated the aforesaid premises.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, was the lessee of the aforesaid premises.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, LLC, was the lessor of the aforesaid premises.

26. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., was the owner of a certain premises located at 1941 South Road, Poughkeepsie, County of Dutchess, State of New York, known as " Lowe's."

27. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., maintained the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., managed the aforesaid premises.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., controlled the aforesaid premises.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., operated the aforesaid premises.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., was the lessee of the aforesaid premises.

32. That at all times hereinafter mentioned, upon information and belief, the defendant, LOWE'S HOME CENTERS, INC., was the lessor of the aforesaid premises.

33. That at all times hereinafter mentioned, Lowes Home Centers, located at the address referenced above was the situs of the within accident.

34. That on or about the 7th day of July 2018, while this Plaintiff was lawfully upon the aforesaid premises, he was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

35. The negligent, wanton, reckless and careless acts of the Defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

36. That the Defendants were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, and unsafe conditions and unsafe equipment to exist at the premises; and in acting with reckless disregard for the safety of others.

37. That the Defendants were negligent, wanton, reckless and careless in, among other things, using defective, broken and poorly balanced shopping and or motorized carts which were unable to carry or hold the weight of certain merchandise but which gave the illusion or impression that the carts are able to weight bear; in allowing, causing and/or permitting dangerous, hazardous, and unsafe equipment used by customers to exist; in failing to test, repair or properly maintain proper equipment; in allowing customers to use shopping carts and equipment which were capable of keeling over and injuring customers; in negligently hiring, retaining,

and supervising inadequate employees; in negligent maintenance of equipment; in failing to inspect equipment to ensure it was safe for customer use; in allowing and/or permitting equipment to remain in a state of disrepair; and in acting with reckless disregard for the safety of others and in using or contracting with entities in the use of inadequate shopping equipment.

38. That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident that in the exercise of reasonable care, the Defendants could have and should have had knowledge and notice thereof and further, the Defendants, their agents, servants and/or employees created said condition. It was also foreseeable by the defendants, whose business it is to provide a safe and danger free shopping experience, that such an accident could occur and they should have prevented it.

39. The limited liability provisions of CPLR§ 1601 do not apply pursuant to the exceptions of CPLR §1602, including, but not limited to, §1602(2)(iv), §1602(7) and §1602(11).

40. That by reason of the foregoing, this Plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function, culminating in the need for surgery. Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the Plaintiff further was caused to lose

substantial periods of time from his normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

41. That by reason of the foregoing, this Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

Dated: June 17, 2021
Middletown, New York

*Juliana O'Grady.*
_____
JULIANA O'GRADY, ESQ.
SOBO & SOBO, LLP
*Attorneys for Plaintiff*
One Dolson Avenue
Middletown, NY 10940
(845) 343-7626

TO:

LOWE'S OF POUGHKEEPSIE STORE #0541
*c/o Secretary of State*

LOWE'S HOME CENTERS, LLC
*c/o Secretary of State*

LOWE'S HOME CENTERS, INC.
*c/o Secretary of State*

## VERIFICATION

STATE OF NEW YORK, COUNTY OF DUTCHESS          ss:

JOSEPH CHARLES, being duly sworn says; I am the Plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
JOSEPH CHARLES

Sworn to before me on this
17th of June, 2021
_____
NOTARY PUBLIC
Juliana O'Mady ESQ.
Notary
Registered in Ulster Co. NY.
Reg. No. 02OG6402104
Expiry 12/23/2023.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF DUTCHESS

JOSEPH CHARLES,

         Plaintiff,  **VERIFIED ANSWER**

v.

             Index No.: 2021-52422

LOWE'S OF POUGHKEEPSIE STORE #0541,
LOWE'S HOME CENTERS, LLC, and LOWE'S
HOME CENTERS, INC.,

         Defendants.

  Defendant, Lowe's Home Centers, LLC (incorrectly sued as "Lowe's of Poughkeepsie Store #0541, Lowe's Home Centers, LLC, and Lowe's Home Centers, Inc.") ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the plaintiff's Verified Complaint, responds as follows:

  1. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

  2. Lowe's denies the allegations contained in paragraph 2 of the Verified Complaint.

  3. Lowe's denies the allegations contained in paragraph 3 of the Verified Complaint.

  4. Lowe's denies the allegations contained in paragraph 4 of the Verified Complaint.

  5. Lowe's denies the allegations contained in paragraph 5 of the Verified Complaint.

  6. Lowe's admits the allegations contained in paragraph 6 of the Verified Complaint.

  7. Lowe's admits the allegations contained in paragraph 7 of the Verified Complaint.

  8. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Verified Complaint.

  9. Lowe's denies the allegations contained in paragraph 9 of the Verified Complaint.

  10. Lowe's denies the allegations contained in paragraph 10 of the Verified Complaint.

30904505.v1

11. Lowe's denies the allegations contained in paragraph 11 of the Verified Complaint.

12. Lowe's denies the allegations contained in paragraph 12 of the Verified Complaint.

13. Lowe's denies the allegations contained in paragraph 13 of the Verified Complaint.

14. Lowe's denies the allegations contained in paragraph 14 of the Verified Complaint.

15. Lowe's denies the allegations contained in paragraph 15 of the Verified Complaint.

16. Lowe's denies the allegations contained in paragraph 16 of the Verified Complaint.

17. Lowe's denies the allegations contained in paragraph 17 of the Verified Complaint.

18. Lowe's denies the allegations contained in paragraph 18 of the Verified Complaint.

19. In response to paragraph 19 of the Verified Complaint, Lowe's states that it owned the premises located at 1941 South Road, Poughkeepsie, New York, 12601, at which it operated a Lowe's Home Improvement retail store, and denies any remaining allegations contained in paragraph 19 of the Verified Complaint.

20. Lowe's denies the allegations contained in paragraph 20 of the Verified Complaint.

21. Lowe's denies the allegations contained in paragraph 21 of the Verified Complaint.

22. Lowe's denies the allegations contained in paragraph 22 of the Verified Complaint.

23. In response to paragraph 23 of the Verified Complaint, Lowe's states that it operated a Lowe's Home Improvement retail store on the premises located at 1941 South Road, Poughkeepsie, New York, 12601, and denies any remaining allegations contained in paragraph 23 of the Verified Complaint.

24. Lowe's denies the allegations contained in paragraph 24 of the Verified Complaint.

25. Lowe's denies the allegations contained in paragraph 25 of the Verified Complaint.

26. Lowe's denies the allegations contained in paragraph 26 of the Verified Complaint.

27. Lowe's denies the allegations contained in paragraph 27 of the Verified Complaint.

28. Lowe's denies the allegations contained in paragraph 28 of the Verified Complaint.

29. Lowe's denies the allegations contained in paragraph 29 of the Verified Complaint.

30. Lowe's denies the allegations contained in paragraph 30 of the Verified Complaint.

31. Lowe's denies the allegations contained in paragraph 31 of the Verified Complaint.

32. Lowe's denies the allegations contained in paragraph 32 of the Verified Complaint.

33. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Verified Complaint.

34. Lowe's denies the allegations contained in paragraph 34 of the Verified Complaint.

35. Lowe's denies the allegations contained in paragraph 35 of the Verified Complaint.

36. Lowe's denies the allegations contained in paragraph 36 of the Verified Complaint.

37. Lowe's denies the allegations contained in paragraph 37 of the Verified Complaint.

38. Lowe's denies the allegations contained in paragraph 38 of the Verified Complaint.

39. Paragraph 39 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Lowe's denies the allegations contained in paragraph 39 of the Verified Complaint.

40. Lowe's denies the allegations contained in paragraph 40 of the Verified Complaint.

41. Lowe's denies the allegations contained in paragraph 41 of the Verified Complaint.

42. Lowe's denies each and every other allegation of the Verified Complaint not previously specifically admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

43. The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the culpable conduct on the part of the plaintiff, and without negligence or fault on the part of Lowe's.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

44. If Lowe's is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

45. The Verified Complaint fails to state a cause of action against Lowe's.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

46. The plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within Lowe's control.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

47. That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's is entitled to a set off of collateral source payments.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

48. Plaintiff failed to mitigate his alleged damages.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

49. The incident and alleged resulting injuries were not proximately caused by any action or inaction of Lowe's.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

50. Plaintiff assumed the risk of the incident and any resulting injuries.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

51. If the plaintiff seeks to recover a verdict or judgment against Lowe's, then any verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

52. Lowe's did not receive requisite notice of any alleged dangerous, defective, or hazardous conditions set forth in plaintiff's Verified Complaint.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

53. Plaintiff's conduct was the sole proximate cause of the incident.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

54. Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

55. Any risks and dangers at the time, place, and location set forth in the Complaint were open, obvious, and apparent.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

56. Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the plaintiff.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

57. There may be documentary evidence exists which establishes a complete defense.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

58. Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discover all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

a. Dismissing the Verified Complaint, or

b. Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct caused the alleged damages;

c. Limiting plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%); and

d. Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

7

30904505.v1

Dated: Buffalo, New York
       August 17, 2021

                                            GOLDBERG SEGALLA LLP

                                            Kenneth L. Bostick, Jr., Esq.
                                            *Attorneys for Defendants*
                                            665 Main Street
                                            Buffalo, New York 14203
                                            (716) 566-5400

TO:    Juliana O'Grady, Esq.
           SOBO & SOBO, LLP
           *Attorneys for Plaintiff*
           One Dolson Avenue
           Middletown, New York 10940
           (845) 343-7626

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss:

Kenneth L. Bostick, Esq., being sworn, deposes and says:

1. I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC (incorrectly sued as "Lowe's of Poughkeepsie Store #0541, Lowe's Home Centers, LLC, and Lowe's Home Centers, Inc.") in this matter.

2. I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

3. The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Dutchess, where this action is venued.

_____
Kenneth L. Bostick, Jr.

Sworn to before me this
17th day of August, 2021.

_____
Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 2025

30904505.v1

9

THE STATE OF NEW YORK
SUPREME COURT : COUNTY OF DUTCHESS

JOSEPH CHARLES,

                Plaintiff,

v.

LOWE'S OF POUGHKEEPSIE STORE #0541,
LOWE'S HOME CENTERS, LLC, and
LOWE'S HOME CENTERS, INC.,

                Defendants.

**NOTICE OF EXAMINATION BEFORE TRIAL**

Index No.: 2021-52422

**PLEASE TAKE NOTICE**, that pursuant to CPLR Article 31, Defendant, Lowe's Home Centers, LLC (incorrectly sued as "Lowe's of Poughkeepsie Store #0541, Lowe's Home Centers, LLC, and Lowe's Home Centers, Inc."), will cause to be taken before a notary public, upon oral examination, the testimony of Plaintiff, Joseph Charles.

**PLEASE TAKE FURTHER NOTICE**, that all parties are required, pursuant to CPLR 3111, to produce all relevant books, papers and other things in the possession, custody or control of such party to be marked as exhibits, and used on the examination.

Dated: Buffalo, New York
         August 17, 2021

                                            GOLDBERG SEGALLA LLP

                                            Kenneth L. Bostick, Jr., Esq.
                                            *Attorneys for Defendants*
                                            665 Main Street
                                            Buffalo, New York 14203-1425
                                            (716) 566-5400
                                            kbostick@goldbergsegalla.com

TO:    Juliana O'Grady, Esq.
        SOBO & SOBO, LLP
        *Attorneys for Plaintiff*
        One Dolson Avenue
        Middletown, New York 10940
        (845) 343-7626

30906369.v1