UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CHARLES,

                Plaintiff,

v.

LOWE'S OF POUGHKEEPSIE #0541,
LOWES HOME CENTERS, LLC, *and*
LOWE'S HOME CENTERS, INC.[1]

                Defendant.

No. 22-CV-5506 (KMK)

OPINION & ORDER

Appearances:

Julianna O'Grady, Esq.
Sobo & Sobo, LLP
Middletown, NY
*Counsel for Plaintiff*

Kenneth L. Bostick, Jr., Esq.
Goldberg Segalla LLP
Buffalo, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Joseph Charles ("Plaintiff")[2] brings this action against Lowe's Home Centers, LLC

("Lowe's" or "Defendant"), alleging premises liability for an incident in which Plaintiff was

---

[1] The Court refers to a singular Defendant, Lowe's Home Centers, LLC, in this Opinion and Order because the Motion for Summary Judgment indicates that Plaintiff incorrectly sues "Lowe's of Poughkeepsie Store #0541, [Lowes] Home Centers, LLC, and Lowe's Home Centers, Inc." (*See* Def. Mem. 6).

[2] Mr. Charles passed away on July 22, 2023. (*See* Dkt. No. 21.) The case continues to be pursued by his estate. (*See* Dkt. No. 26.) For clarity, the Court will nonetheless refer to Plaintiff using "he" or "him" pronouns.

injured by a motorized scooter on Defendant's premises. (*See* Not. of Removal Ex. A ("Pleadings") 3–9 (Dkt. No. 1-1).)[3] Before the Court is Defendant's Motion for Summary Judgment ("Defendant's Motion"), (*see generally* Def. Mot. for Summ. J. ("Def. Mot.") (Dkt. No. 33), and Plaintiff's Motion for Spoliation ("Plaintiff's Mot."), (*see* Pl. Mem. of Law in Opp. and Cross Mot. for Spoliation ("Pl. Opp.") 9–13 (Dkt. No. 36).)

For the following reasons, Defendant's Motion is granted, and Plaintiff's Motion is denied.

## I. Background

### A. Factual Background

The following facts are taken from the Parties' statements pursuant to Local Civil Rule 56.1. (*See* Def. 56.1 Stmt. ("Def. 56.1") (Dkt. No. 35); Decl. of Juliana O'Grady ("O'Grady Decl."); Pl. Resp. 56.1 Stmt. ("Pl. Rep. 56.1") (Dkt. No. 37-1)).[4]

On the evening of July 7, 2018, Plaintiff went to Lowe's to purchase topsoil to use in his yard. (*See* Def. 56.1 ¶¶ 1–3; Pl. 56.1 ¶¶ 1–3.) Because of pre-existing injuries to his right leg and left shoulder, Plaintiff used a motorized mobility scooter while shopping in the store. (*See*

---

[3] In general, the Court cites to the ECF-stamped page number in the upper righthand corner of each page. However, insofar as it cites to various court transcripts, the Court cites to the internal page and line numbers.

[4] In response to Defendant's 56.1 Statement, Plaintiff filed a Response 56.1 Statement that fails to comply with the Court's Individual Rules of Practice § II.D, which requires that the opposing party "must reproduce each entry in the moving party's Rule 56.1 Statement and set out the opposing party's response directly beneath it." Instead, Plaintiff simply numbers its admissions or denials without reproducing the statement he purports to concede or deny. (*See* Pl. Rep. 56.1.) Plaintiff's "failure to reproduce [Defendant's] Rule 56.1 Statement defeats the purpose of [the Court's] individual [rule], which is designed to obviate the need to go back and forth between the two Rule 56.1 Statements." *Gilani v. Teneo, Inc.*, No. 20-CV-1785, 2021 WL 3501330, at *1 n.1 (S.D.N.Y. Aug. 4, 2021). The Court cautions Plaintiff that compliance with local rules and individual rules of practice is not a matter to be taken lightly, let alone ignored.

Def. 56.1 ¶¶ 4–5; Pl. 56.1 ¶¶ 4–5.) At the time of the incident, Lowe's had two scooters available for customer use, each of which had a metal basket attached to the front. (*See* Def. 56.1 ¶¶ 6–7; Pl. 56.1 ¶¶ 6–7.) Plaintiff did not inspect the scooter prior to selecting it for use, (*see* Def. 56.1 ¶ 8; Pl. 56.1 ¶ 8), but he did not notice that the scooter had any defects, (*see* Def. 56.1 ¶¶ 10–12; Pl. 56.1 ¶¶ 10–12). He did not see any warning labels present on the scooter, but did not look for any. (*See* Def. 56.1 ¶ 15; Pl. 56.1 ¶ 15.) Plaintiff drove the scooter through Lowe's, and into and around the Lowe's Garden Center for about 5-10 minutes without noticing any defects. (*See* Def. 56.1 ¶¶ 23–28; Pl. 56.1 ¶¶ 23–28.)

At the Garden Center, Plaintiff selected bags of 40-pound topsoil for purchase. (*See* Def. 56.1 ¶¶ 29–30; Pl. 56.1 ¶¶ 29–30.) He exited the scooter and loaded the bags of topsoil into the basket one by one. (*See* Def. 56.1 ¶¶ 32–34; Pl. 56.1 ¶¶ 32–34.) Plaintiff testified that the bags "felt heavy" as he was loading them, but that as he loaded them, he did not notice any issues with the basket or the scooter. (*See* Def. 56.1 ¶¶ 35–38; Pl. 56.1 ¶¶ 35–38.) Standing on the ground outside of the scooter, Plaintiff loaded seven bags without incident, but when he added the eighth to the basket, it tipped forward and struck Plaintiff in his left shoulder. (*See* Def. 56.1 ¶¶ 40–46; Pl. 56.1 ¶¶ 40–46.) Plaintiff then inspected the upended scooter and noticed that the body of the scooter was "scraped up" and the basket was wobbly. (*See* Def. 56.1 ¶¶ 50–51; Pl. 56.1 ¶¶ 50–51.)

Within a week of the incident, Plaintiff returned to the Lowe's store to report his incident. (*See* Def. 56.1 ¶ 68; Pl. 56.1 ¶ 68.) He spoke to Darren Rich ("Rich"), a Lowe's employee, who prepared an incident report. (*See* Def. 56.1 ¶ 69; Pl. 56.1 ¶ 69.) Plaintiff did not show Mr. Rich the scooter, and did not make any attempt to locate the scooter at the time of the report. (*See*

Def. 56.1 ¶ 70; Pl. 56.1 ¶ 70.) Rich testified that he was unaware of any problems with electric scooters prior to this incident. (*See* Def. 56.1 ¶¶ 72–74; Pl. 56.1 ¶¶ 72–74.)

The scooters were inspected daily by store employees who ensured they were in working condition. (*See* Def. 56.1 ¶¶ 75–76; Pl. 56.1 ¶¶ 75–76.) The scooters were inspected on the day of Plaintiff's incident, and the records indicate that the Lowe's employees found that the "electric customer shopping carts [were] available, in good working condition and free of electrical issues." (*See* Def. 56.1 ¶¶ 77–78; Pl. 56.1 ¶¶ 77–78.)

B. Procedural Background

Plaintiff filed the instant Action in the Dutchess County Supreme Court on June 28, 2021. (*See* Not. of Removal, Ex.1 ("Pleadings") (Dkt. No. 1-1).) Defendants removed to this Court on June 28, 2022. (*See* Not. of Removal (Dkt. No. 1).) On September 29, 2022, the Court set a discovery schedule. (*See* Dkt. No. 7.) Most fact discovery was complete by April 28, 2023, (*see* Dkt. Entry Jan. 26, 2023; Dkt. No. 19 (noting, in a letter dated June 22, 2023 that "although the fact-specific discovery deadline set forth in the most recent scheduling order has passed . . . , the parties have amicably agreed to exchange limited paper discovery outside of the deadline")), and expert discovery was closed by July 28, 2023, (*see* Dkt. Entry Jan. 26, 2023).

Defendant filed its pre-motion letter in anticipation of filing a motion for summary judgment on July 20, 2023. (*See* Dkt. No. 20.) On July 24, 2023, Plaintiff's counsel informed the Court that Plaintiff had passed away, and the matter was stayed pending the organization of Plaintiff's estate. (*See* Dkt. No. 22.) On November 13, 2023, Plaintiff filed a response to Defendant's pre-motion letter. (*See* Dkt. No. 30.) The Court set a briefing schedule, (*see* Dkt. No. 32), and Defendant filed its Motion on January 26, 2024, (*see* Def. Mot.; Mem. of Law in Supp. of Mot. for Summ. J. ("Def. Mem.") (Dkt. No. 34); Def. 56.1). Plaintiff filed his

Opposition and Cross-Motion for Spoliation on February 25, 2024. (*See* Pl. Opp.; Pl. Rep. 56.1.) Defendant filed its Reply on March 8, 2024. (*See* Def. Rep. Mem. of Law in Supp. Summ. J. ("Def. Rep.") (Dkt. No. 39); Declaration of Kenneth Bostick, Jr. in Supp. Mot. for Summ. J. ("Bostick Decl.") (Dkt. No. 38).)

## II. Discussion

### A. Standard of Review

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Galloway v. Cnty. of Nassau*, 141 F.4th 417, 422–23 (2d Cir. 2025) (quoting Fed. R. Civ. P. 56(a)). "In deciding whether to award summary judgment, the court must construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Torcivia v. Suffolk County*, 17 F.4th 342, 354 (2d Cir. 2021); *see also Horror Inc. v. Miller*, 15 F.4th 232, 240 (2d Cir. 2021) ("When ruling on a summary judgment motion, the court construes the evidence before it in the light most favorable to the nonmoving party and resolves all ambiguities and draws all reasonable inferences against the moving party."). "It is the movant's burden to show that no genuine factual dispute exists." *Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.*, No. 17-CV-5670, 2020 WL 838279, at *4 (S.D.N.Y. Feb. 20, 2020) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

"However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the non[-]movant's claim," in which case "the non[-]moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d

114, 123 (2d Cir. 2013) (alteration, citation, and quotation marks omitted). Further, "[t]o survive a [summary judgment] motion . . . , [a non-movant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; [s]he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. County of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading . . . .").

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (quotation marks omitted). At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation omitted). Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharms. Tech. Corp. v. Barr Laby's. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323–24).

When ruling on a motion for summary judgment, a district court should consider only evidence that would be admissible at trial. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998). "[W]here a party relies on affidavits or deposition testimony to establish facts, the statements 'must be made on personal knowledge, set out facts that would

be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . ."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (disregarding "statements not based on [the] [p]laintiff's personal knowledge"); *Flaherty v. Filardi*, No. 03-CV-2167, 2007 WL 163112, at *5 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (citation omitted)).

  B. <u>Analysis</u>

      1. <u>Plaintiff's Motion for Spoliation</u>

Plaintiff moves for the Court to draw an adverse inference against Defendant for spoliation, based on Defendant's failure to preserve the motorized cart at issue in this litigation. (*See* Pl. Opp. 9–12.)  "Because spoliation can impact summary judgment, the court considers Plaintiff's motion first." *Anglin, v. Hunter*, No. 19-CV-219, 2025 WL 968046, at *2 n.2 (D. Vt. Mar. 31, 2025); *see also Herman v. City of N.Y.*, 334 F.R.D. 377, 390 (E.D.N.Y. 2020) ("In borderline cases, an inference of spoliation, in combination with some (not insubstantial) evidence for the plaintiff's cause of action, can allow the plaintiff to survive summary judgment.").

"Spoliation means the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Mondella v. Schiffahrtsgesellschaft Oltmann mbH & Co. KG*, No. 20-CV-1059, 2024 WL 3343954, at *2 (E.D.N.Y. July 9, 2024) (internal citations and quotations omitted).

> [A] party seeking sanctions for the spoliation of evidence must establish three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Sachs v. Cantwell*, No. 10-CV-1663, 2012 WL 3822220, at *7 (S.D.N.Y. Sept. 4, 2012); *see also Carney v. Int'l Cap. Grp.*, No. 21-CV-183, 2024 WL 1484114, at *2 (S.D.N.Y. Apr. 5, 2024) (applying the same standard). "A party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim by a preponderance of the evidence." *Mondella*, 2024 WL 3343954, at *2 (quoting *Dilworth v. Goldberg*, 3 F. Supp. 3d 198, 200 (S.D.N.Y. 2014)).

"The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Id.* (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). Importantly, however, "the obligation to preserve evidence does not continue indefinitely." *Id.* (quoting *Aktas v. JMC Dev. Co.*, 877 F. Supp. 2d 1, 13 (N.D.N.Y. 2012)).

Defendant avers that Plaintiff never requested to inspect the scooter in question, (*see* Def. Rep. 15), and Plaintiff provides no evidence to the contrary, (*see generally* Pl. Opp. 9–12). Even if Defendant had been obligated to preserve the scooter starting on the day that it was informed of Plaintiff's complaint, it was not obligated to preserve that evidence for the ensuing years of this litigation. *See Mondella*, 2024 WL 3343954, at *3 (declining to issue sanctions where the plaintiffs made a preservation request, but failed to request to inspect the piece of evidence in question prior to the close of discovery); *Caltenco v. G.H. Food, Inc.*, No. 16-CV-1705, 2018 WL 1788147, at *4–5 (E.D.N.Y. Mar. 7, 2018) (concluding that sanctions were not appropriate where the plaintiff had months to inspect a piece of evidence, but failed to do so); *Gaffield v.*

*Wal-Mart Stores E., LP*, 616 F. Supp. 2d 329, 338 (N.D.N.Y. 2009) (declining to impose spoliation sanctions where the plaintiff had 20 to 23 months to inspect an allegedly defective bicycle before it was discarded, and failed to do so). Here, the record before the Court suggests that Plaintiff failed to inspect the scooter at any point prior to the filing of this Action, and Defendant's undisputed testimony suggests that no request to inspect the scooter was made during the course of discovery. (*Compare* Def. Rep. 15, *with* Pl. Opp. 9–12.) Therefore, Plaintiff has failed to show that Defendant violated its obligation to preserve the evidence in question, and thus Plaintiff's spoliation Motion is denied.

2. Defendant's Motion for Summary Judgment

The Court next turns to the Defendant's Motion for Summary Judgment. "Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Mahoney v. Whole Foods Mkt. Grp., Inc.*, No. 21-CV-4127, 2025 WL 486655, at *5 (E.D.N.Y. Feb. 12, 2025) (quoting *Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023)). "In a premises liability case, a plaintiff must first show 'the existence of a dangerous or defective condition' that caused the accident." *Burden v. Wal-Mart Stores E., LP*, No. 17-CV-1289, 2018 WL 4680025, at *4 (S.D.N.Y. Sept. 28, 2018) (quoting *Vasquez v. United States*, No. 14-CV-1510, 2016 WL 315879, at *4 (S.D.N.Y. Jan. 15, 2016)). Plaintiff is also required to establish that "the defendant either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." *Id.* (quoting *Decker v. Middletown Walmart Supercenter Store*, No. 15-CV-2886, 2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017)). This requires that Plaintiff point to some "affirmative act by the defendant [that] resulted

in the condition" or that Plaintiff prove "not only that the defendant knew or had reason to know of the condition, but that the defendant knew or had reason to know of the *danger*, i.e., that the condition it created was dangerous." *See Kortright-Conklin v. Lowe's Home Ctrs., LLC*, No. 21-CV-1305, 2023 WL 5723855, at *10 (N.D.N.Y. Sept. 5, 2023) (citations and internal quotations omitted) (emphasis added).

In his deposition, Plaintiff appeared to allege that it was inadequate maintenance of the scooter which resulted in the incident at issue. (*See* Def. Mot., Ex. D ("Pl. Dep.") 73:20–24 ("So then after [the scooter] smashes me, I look at the [scooter], and I noticed that it was a beat-up—worn, beat-up cart that had a wobbly basket, and that's what happened, basically"), 86:8–12 ("After the [scooter] tipped and smashed me in the shoulder, I took a look at the [scooter] and the basket, and the [scooter] looked like it was really beat up, had scrapes, and the basket was wobbly.") (Dkt. No. 33-5).) As to this theory of liability, Defendant argues that (1) Plaintiff has not advanced sufficient evidence of this dangerous condition, (2) Plaintiff has not demonstrated that Lowe's created the dangerous condition he alleges, and (3) Plaintiff has failed to show that Lowe's knew of such dangerous condition. (*See* Def. Mem. 9–18.) In his Opposition, Plaintiff appears to concede these arguments, instead focusing on Lowe's failure to warn him that the basket had a weight limit. (*See generally* Pl. Opp. 8–13 (referring exclusively to the lack of warnings regarding the cart's weight limit).) Because Plaintiff has failed to respond to Defendant's arguments, Plaintiff has effectively conceded them. *See 1st Amend. Praetorian v. New York Times Co.*, No. 23-CV-12, 2025 WL 949575, at *11 (S.D.N.Y. Mar. 28, 2025) ("It is well-established that a 'plaintiff effectively concedes a defendant's arguments by his failure to respond to them.'" (quoting *Felske v. Hirschmann*, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1,

10

2012)); *Tlapanco v. Elges*, No. 15-CV-2852, 2017 WL 4329789, at *4 (S.D.N.Y. Sept. 14, 2017) (ruling that plaintiff forfeited an argument by failing to raise it in an opposition brief).[5]

Even if Plaintiff had not waived his argument in response to Defendant's arguments about the condition of the scooter, the Court nonetheless concludes that summary judgment is appropriate. First, Plaintiff advances no evidence suggesting that Lowe's or any Lowe's employee created the "wobbly" or "beat up" condition of the scooter that Plaintiff appeared to allege caused his accident. (*See generally* Pl. Rep. 56.1, Pl. Opp.) At this stage, such a lack of evidence is sufficient to grant summary judgment in favor of Defendant on the issue of whether Lowe's created the unsafe condition. *See Kortright-Conklin,* 2023 WL 5723855, at *7 ("In federal court, unlike in New York state courts, the defendant is not required to affirmatively disprove every element of the plaintiff's claim, and may discharge its burden of proof merely by pointing to an absence of evidence to support an essential element of Plaintiff's claim." (alterations adopted) (internal quotations and citation omitted)); *see also Baker v. Wal-Mart Stores E., L.P.*, No. 21-CV-10629, 2023 WL 4898882, at *6 (S.D.N.Y. Aug. 1, 2023) (concluding that there was no triable fact as to whether the defendant had created the dangerous

---

[5] Furthermore, the Court will not consider Plaintiff's failure to warn claim, as it was raised for the first time in Plaintiff's Opposition. (*Compare* Pleadings (failing to raise a failure to warn claim) *with* Pl. Opp. (relying exclusively on the lack of warning labels as the basis for liability).) *See Suazo v. Ocean Network Express (N. Am.), Inc.*, No. 20-CV-2016, 2023 WL 2330428, at *4 (S.D.N.Y. Mar. 2, 2023) (rejecting the plaintiff's failure to warn claim because it was raised for the first time in the plaintiff's opposition to the defendant's summary judgment motion), *reconsideration denied*, No. 20-CV-2016, 2024 WL 68428 (S.D.N.Y. Jan. 5, 2024); *see also Pourkavoos v. Town of Avon*, No. 17-CV-73, 2023 WL 2456644, at *21 (D. Conn. Mar. 10, 2023) ("A plaintiff 'may not assert a claim for the first time in opposition to a motion for summary judgment.'" (quoting *Vitti v. Macy's Inc.*, 758 F. App'x 153, 158 (2d Cir. 2018) (summary order)), *appeal withdrawn sub nom. Pourkavoos v. Espinoza*, No. 23-508, 2023 WL 4363044 (2d Cir. July 5, 2023).

condition where the plaintiff had not introduced any evidence, circumstantial or otherwise, that defendant caused the allegedly dangerous condition), *appeal dismissed* No. 23-7267 (2d Cir. Aug. 26, 2024); *Burden*, 2018 WL 4680025, at *5 (granting summary judgment where, inter alia, "there [was] simply *no* evidence in the record that supports an inference that Defendant or its agents committed an act that created [the dangerous] condition" (emphasis in original)).

      Second, there is no evidence in the record suggesting that Defendant was even aware of the condition alleged, much less that such a condition was dangerous. Defendant's witness testified that he had no knowledge of any prior incidents or complaints involving the motorized scooters, or that the scooters could be dangerous. (*See* Def. 56.1 ¶¶ 72–74; Pl. Rep. 56.1 ¶¶ 72–74; Def. Mot., Ex. E ("Rich Dep.") 68:22–71:5 (Dkt. No. 33-6).) Inspection records from the day of the incident suggest that the employees who inspected the scooter found it to be in safe, working condition. (*See* Def. 56.1 ¶¶ 75–78; Pl. Rep. 56.1 ¶¶ 75–78; Def. Mot., Ex. J ("Inspection Records") 2 (Dkt. No. 33-11).) Plaintiff himself testified that when he selected the scooter and drove it around the store, he found the scooter to be in good working order. (*See* Def. 56.1 ¶¶ 10–12, 23–28; Pl. 56.1 ¶¶ 10–12, 23–28; Pl. Dep. 45:20–46:8, 55:15–22, 62: 5–7.) Because Plaintiff adduces no evidence whatsoever that Defendant was aware of any potential defects with the mechanical condition of the scooter or any circumstantial evidence of defects of which Defendant should have been aware, summary judgment is appropriate as to Defendant's awareness of such the allegedly dangerous condition. *See Mahoney*, 2025 WL 486655, at *6–9 (granting summary judgment where the plaintiff failed to adduce any evidence that the defendant had actual or constructive knowledge of the allegedly dangerous condition); *Reynolds v. Amtrak*, 751 F. Supp. 3d 311, 324–328 (S.D.N.Y. 2024) (granting summary judgment where the plaintiff had not adduced evidence supporting actual or constructive knowledge of the allegedly

dangerous condition); *Looney v. Macy's Inc.*, 588 F. Supp. 3d 328, 345–346 (E.D.N.Y. 2021) (granting summary judgment in favor of defendants where, inter alia, plaintiff offered no evidence to suggest the alleged defect was visible and apparent and the log book suggested that a morning inspection had revealed no defect).

* * *

For the foregoing reasons, the Court concludes that Plaintiff has failed to establish Defendant breached a duty to keep its premises in reasonably safe condition, and grants Defendant's Motion.

### III. Conclusion

For these reasons, the Court denies Plaintiff's Motion and grants Defendant's Motion. The Clerk of Court is respectfully directed to terminate the pending Motion (Dkt. No. 33), enter judgment for Defendant, and close the case.

SO ORDERED.

Dated:   September 22, 2025
         White Plains, New York

                                            KENNETH M. KARAS
                                            United States District Judge